1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8
AT SEATTLE

9

10   CHRISTIAN ALONZO GIRON-
CASTRO,                                                 CASE NO. C14-0867JLR

11                                                         ORDER ADOPTING REPORT
                          Petitioner,             AND RECOMMENDATIONS
12
          v.
13
NATALIE ASHER, et al.,
14
                          Respondents.
15
          This matter comes before the court on the Report and Recommendation of United
16
States Magistrate Judge James P. Donohue (R&R (Dkt. # 17)) and Respondents'
17
objections thereto (Objections (Dkt. # 18); Errata re Objections (Dkt. # 19)[1]).  Having
18
carefully reviewed the foregoing, the balance of the record, and the governing law, the
19
          _____

20
          [1] The mistake corrected in Respondents' errata re objections (Dkt. # 19) pertains to the
21   date of the Report and Recommendation and is immaterial to the substance of this order (id. at
1); therefore, when referring to Respondents' objections to the Report and Recommendation, the
22   court will cite to the original objections (Dkt. # 18), not the corrected objections in the errata
(Dkt. # 19).

ORDER- 1

1  court ADOPTS the Report and Recommendation (Dkt. # 17) and therefore GRANTS in

2  part and DENIES in part Petitioner's habeas petition (Dkt. # 1), DENIES as moot

3  Petitioner's motion for a preliminary injunction (Dkt. # 4), and ORDERS the Executive

4  Office of Immigration Review to provide Petitioner with an individualized bond hearing

5  within 14 days of the date of this order.

6                                    **I.   BACKGROUND**

7          Petitioner Christian Giron-Castro is a citizen of El Salvador who has been detained

8  by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention

9  Center since June 19, 2013, under a reinstated order of removal.  (R&R at 1.)  Mr. Giron-

10 Castro applied for withholding of removal (*id.* at 2), but an immigration judge ("IJ")

11 denied his application.  (*Id.*)  His appeal to the Board of Immigration Appeals is pending.

12 (*Id.*)  During his detention, Mr. Giron-Castro has requested release on bond, but ICE has

13 denied his requests, and an IJ found no jurisdiction to hold a bond hearing.  As a result,

14 Mr. Giron-Castro brought the habeas petition at issue here seeking release from detention

15 or a bond hearing (*id.* at 2-3) on the ground that his prolonged detention without a bond

16 hearing violates due process and 8 U.S.C. § 1226(a).  (Pet. (Dkt. # 1) at 10-13.)  Mr.

17 Giron-Castro also filed a motion for a preliminary injunction, again seeking a bond

18 hearing.  (*See generally* Mot. (Dkt. # 4).)

19         Magistrate Judge Donohue recommended granting the petition in part and denying

20 it in part.  (R&R at 16.)  Specifically, Magistrate Judge Donohue recommended denying

21 Mr. Giron-Castro's request for an order of release but granting his request for an

22 individualized bond hearing.  (*Id.*)  In light of those recommendations, Magistrate Judge

1   Donohue also recommended denying as moot Mr. Giron-Castro's motion for a

2   preliminary injunction. (*Id.* at 16-17.)  Furthermore, as part of his analysis, Magistrate

3   Judge Donohue concluded that Mr. Giron-Castro is being detained under 8 U.S.C.

4   § 1231(a) rather than § 1225(b) or § 1226(a). (*Id.* at 7-10.)  Respondents filed timely

5   objections to the Report and Recommendation. (*See generally* Objections.)

6                          **II.   STANDARD OF REVIEW**

7              A district court has jurisdiction to review a magistrate judge's report and

8   recommendation on dispositive matters.  Fed. R. Civ. P. 72(b)(3).  "The district judge

9   must determine de novo any part of the magistrate judge's disposition that has been

10  properly objected to." *Id.*  "A judge of the court may accept, reject, or modify, in whole

11  or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

12  § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject,

13  modify the recommended disposition; receive further evidence; or return the matter to the

14  magistrate judge with instructions.").  "The statute makes clear that the district judge

15  must review the magistrate judge's findings and recommendations de novo if objection is

16  made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.

17  2003) (en banc).

18                          **III.   DISCUSSION**

19             Respondents object to only one of Magistrate Judge Donohue's

20  recommendations—namely, that Mr. Giron-Castro is entitled to an individualized bond

21  hearing under *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011) ("*Diouf II*").

22  (Objections at 2.)  The court, however, has thoroughly examined the record before it and

1  the relevant law, and finds Magistrate Judge Donohue's reasoning persuasive.  Moreover,

2  the objections raise essentially the same arguments regarding the applicability of *Diouff II*

3  to this case that Respondents submitted to Magistrate Judge Donohue.  (*Compare*

4  Objections at 2-7 *with* Responsive Brief (Dkt. # 11) at 9-11.)  As such, the court

5  independently rejects those arguments for the same reasons articulated in the Report and

6  Recommendation.  (*See* R&R at 13-16.)

7       Although Mr. Giron-Castro initially argued that he is being detained under 8

8  U.S.C. § 1226(a) (*see, e.g.*, Reply to Responsive Brief (Dkt. # 14) at 2-5), none of the

9  parties have objected to Magistrate Judge Donohue's conclusion that Mr. Giron Castro is

10  being held under § 1231(a).  (*See* Objections at 2; Resp. (Dkt. # 20) at 2.)  Nevertheless,

11  in light of the disagreement on this issue in this and other cases,[2] the court will address

12  the matter.

13       First, the court agrees with Magistrate Judge Donohue's analysis of the case law

14  cited by Mr. Giron-Castro in his reply briefs.  (*See* R&R at 10-12; Reply to Resp. (Dkt. #

15  15) at 3-4; Reply to Responsive Brief at 2-5 (citing *Nadarajah v. Gonzales*, 443 F.3d

16  1069 (9th Cir. 2006); *Owino v. Napolitano*, 575 F.3d 952 (9th Cir. 2009); *Rodriguez v.*

17  *Robbins*, 715 F.3d 1127 (9th Cir. 2013); and *Castillo v. ICE Field Office Dir.*, 907 F.

18  _____

19       [2] For example, Magistrate Judge Donohue alone has handled two other recent habeas
    cases that raise the same issue—that is, which statute authorizes the detention of an alien subject
20  to a reinstated order of removal when withholding-only proceedings are still pending.  Judge
    Coughenour has already ruled on one of those cases and disagreed with Magistrate Judge
    Donohue, concluding that § 1226(a) is the authorizing statute.  *See Martinez Mendoza v. Asher*,
21  C14-0811JCC, Dkt. # 14 (W.D. Wash. Sept. 16, 2014).  In the second case, Magistrate Judge
    Donohue's Report and Recommendation remains pending before Judge Lasnik.  *See Cerna-*
22  *Anaya v. Asher*, C14-0807RSL (W.D. Wash. 2014).

1  Supp. 2d 1235 (W.D. Wash. 2012)).)  Those cases are inapplicable to the facts of this

2  case because, as Magistrate Judge Donohue points out, none of them dealt squarely with

3  the issue of the administrative finality of a reinstated order of removal.  (*See* R&R at 10-

4  12.)

5         Second, the court concurs in Magistrate Judge Donohue's interpretation of *Ortiz-*

6  *Alfaro v. Holder*, 694 F.3d 955 (9th Cir. 2012).  (*See* R&R at 7 n.3.)  In that case, the

7  Ninth Circuit was concerned with finality for the purposes of judicial review, not

8  administrative finality under 8 U.S.C. § 1231.  *See Ortiz-Alfaro*, 694 F.3d at 957-58.

9  Moreover, the concern for preserving the right to appeal that animated the court of

10  appeals' analysis in that case is inapplicable in the factual and procedural context of this

11  matter.  *See id.* at 958.  Whether Mr. Giron-Castro is being detained under § 1231(a) as

12  opposed to § 1226(a) has no effect on his right to seek judicial review of his reinstated

13  order of removal, *see* 8 U.S.C. § 1231(a)(5), or the ultimate decision on his application

14  for withholding of removal.  *See Ortiz-Alfaro*, 694 F.3d at 958.

15         Finally, the court notes that several courts in other districts have reached the

16  contrary conclusion on this issue.  *See Uttecht v. Napolitano*, No. 8:12CV347, 2012 WL

17  5386618 (D. Neb. Nov. 1, 2012); *Pierre v. Sabol*, Civil No. 1:11-CV-2184, 2012 WL

18  1658293 (M.D. Pa. May 11, 2012).  Like Magistrate Judge Donohue, however, the court

19  finds the reasoning of those cases unpersuasive.  In each instance, the opinion provides

20  little analysis of whether reinstated orders of removal are administratively final while

21  withholding-only proceedings are pending.  Instead, both opinions simply conclude that

22  because some sort of proceeding is ongoing, the reinstated removal order cannot be

1  administratively final.  *See Uttecht*, 2012 WL 5386618, at *2; *Pierre*, 2012 WL 1658293,

2  at *4.  Importantly, in reaching that conclusion, neither opinion wrestles with the clear

3  language of § 1231(a)(5) barring any reopening of or challenge to a reinstated removal

4  order.  8 U.S.C. § 1231(a)(5).   This court finds § 1231(a)(5) decisive on this issue.

5  Accordingly, Mr. Giron-Castro's detention is authorized by § 1231(a).

6                                **IV.   CONCLUSION**

7       For the foregoing reasons, the court hereby ORDERS as follows:

8       (1) The court ADOPTS the Report and Recommendation (Dkt. # 17) in its

9           entirety.

10      (2) The court GRANTS in part and DENIES in part Mr. Giron-Castro's habeas

11          petition (Dkt. # 1).  Mr. Giron-Castro is not entitled to an order of release, but

12          he is entitled to an individualized bond hearing before an immigration judge.

13          Accordingly, the court ORDERS the Executive Office of Immigration Review

14          to provide Mr. Giron-Castro with such a bond hearing within 14 days of this

15          order.

16      //

17      //

18      //

19      //

20      //

21      //

22      //

ORDER- 6

(3) The court DENIES as moot Mr. Giron-Castro's motion for a preliminary

injunction (Dkt. # 4).

(4) The Clerk shall send a copy of this Order to the parties and to Judge Donohue.

Dated this 2nd day of October, 2014.


JAMES L. ROBART
United States District Judge

ORDER- 7